JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SEALIFE CORPORATION, ET AL.<br><br>Defendants. | Case No. CV07-07398-VBF (PJWx)<br><br>**FINAL JUDGMENT AS TO ROBERT E. MCCASLIN** |

On December 22, 2008, following an eight-day jury trial, the jury returned a verdict (Docket No. 122) finding Defendant Robert E. McCaslin liable for the following violations of the federal securities laws: (1) Securities Fraud, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder; (2) Securities Fraud, Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"); (3) Securities Fraud, Sections 17(a)(2) and 17(a)(3) of the Securities Act; (4) Failure to File Ownership Reports, Sections 13(d)(1) and 13(d)(2) of the Exchange Act and Rules 13d-1 and 13d-2 promulgated thereunder; (5) Failure to File Ownership Reports, Section 16(a) of the Exchange Act and Rule 16a-3 promulgated

thereunder; (6) Sale of Unregistered Securities, Sections 5(a) and 5(c) of the Securities Act; and (7) Aiding and Abetting Company's False SEC Filings, Section 13(a) of the Exchange Act and Rules 12b-20, 13a-11, and 13a-13 promulgated thereunder. The Court enters Judgment on these causes of action against Defendant Robert E. McCaslin in accordance with the jury's verdicts.

On January 30, 2009, following a bench trial on remedies held on December 23, 2008, the Court issued an Order (Docket No. 123) imposing the following remedies against Defendant Robert E. McCaslin for the violations found by the jury: (1) permanent injunctions as requested by the Plaintiff SEC; (2) a seven-year officer and director bar; and (3) a third tier civil penalty of $100,000.

Based on the jury's verdict and the Court's order dated January 30, 2009:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1,

240.13d-2] by failing to timely file with the Commission a statement containing the information required by Section 13(d) and the Rules thereunder after acquiring, directly or indirectly, the beneficial ownership of more than five percent of the class of any equity security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or by failing to timely file with the Commission an amendment to any filed statement containing the information required by Section 13(d) and the Rules thereunder after any material change occurs in facts set forth in the statement including, but not limited to, any material increase or decrease in the percentage of the class of the equity security beneficially owned.

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rule 16a-3 thereunder [17 C.F.R. § 240.16a-3] by failing to timely file with the Commission a statement containing the information required by Section 16(a) and the Rules thereunder while having, or after acquiring, directly or indirectly, the beneficial ownership of more than 10 percent of the class of any equity security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or while serving as a director or officer of the issuer of any such security.

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Exchange Act Rules 13a-11, 13a-

13, and 12b-20 [17 C.F.R. §§ 240.13a-11, 240.13a-13, 240.12b-20] by knowingly providing substantial assistance to an issuer that makes material false and misleading statements in current reports on Form 8-K or periodic reports on Forms 10-K, 10-KSB, 10-Q, or 10-QSB or fails to include in such reports material information necessary to make the statements, in light of the circumstances under which they were made, not misleading.

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited, for 7 years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $100,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission.  The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Robert E. McCaslin as a defendant in this action; setting forth the title and

civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  February 12, 2009

*Valerie Baker Fairbank*
UNITED STATES DISTRICT JUDGE